UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMBERLY BERNICE BROWN,<br><br>                      Plaintiff,<br><br>    -against-<br><br>NATIONAL BASKETBALL ASSOCIATION,<br><br>                      Defendant. | 1:19-CV-6434 (CM)<br><br>ORDER TO AMEND |

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff Kimberly Bernice Brown, of Baltimore, Maryland, appears *pro se* and asserts claims under state law under the Court's diversity jurisdiction. She sues the National Basketball Association ("NBA") of New York, New York, and seeks $500,000 in damages and other relief. Plaintiff filed her original complaint in the United States District Court for the District of Columbia. By order dated June 11, 2019, that court transferred the action to this Court because the NBA is located in New York and because Plaintiff "failed to establish any connection between her allegations and the District of Columbia." *Brown v. Nat'l Basketball Ass'n*, 1:19-CV-1559, 1 (D.D.C. June 11, 2019).

      On July 18, 2019, Plaintiff filed an amended complaint as well as a letter with attached documents. (ECF 5-6.) Plaintiff filed another letter with attached documents on August 8, 2019. (ECF 7.) Plaintiff's amended complaint is the operative pleading for this action. But the Court construes Plaintiff's letters as supplements to the amended complaint.

      By order dated August 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. On September 13, 2019, Plaintiff filed a motion seeking an "order of protection" against the NBA and a person named Tamera Young. (ECF 9.)

For the reasons set forth below, the Court grants Plaintiff leave to file a second amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, a *pro se* pleading still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "'that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556.) In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After

separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *See id.* at 678-79.

**BACKGROUND**

Plaintiff makes the following allegations: She is the owner of "the television project 'Off the Court: Inside the WNBA,' which [she] wrote, created and produced." (ECF 5, p. 4-5.) She presented her project to the NBA and entered into an unspecified agreement with it.[1] (ECF 7, p. 3-4.) Tamera Young, a professional basketball player who was a cast member in Plaintiff's television project, "showcased [an] immense romantic interest in [Plaintiff,] which made the environment uncomfortable for [Plaintiff] and other parties involved." (*Id.* p. 4.) But when Plaintiff expressed her discomfort to the NBA, she "was immediately removed and dismissed (terminated) from [her] agreement with the NBA without reason." (*Id.*) Plaintiff attempted to continue with the television project by selecting "other 'talent' to feature [in] the show," but Young then "openly engaged in stalking, ha[r]assment as well as slander to destroy the project from becoming successful." (*Id.* p. 4-5.)

The NBA, Young, and others "have employed individuals to track [Plaintiff's] mobile devices as well as monitor [her] daily activity in [an] effort[] to continue slandering [her] public reputation as well as prevent [her] from obtaining an income to improve [her] current status." (ECF 5, p. 2.) In May 2017,

> Young appeared at [Plaintiff's] family member[']s home uninvited dressed in all black where she exited a vehicle and walked across the front lawn of [Plaintiff's] relative[']s home where she stayed for hours. Within this time frame[,] Ms. Young

---

[1] Plaintiff has attached copies of unsigned "Non-Disclosure Non-Circumvention Agreements" between her and other parties that do not include the NBA; those agreements state that Plaintiff has an "agreement" with the NBA "relating" to her television project. (ECF 5, p. 6, 9.)

gained access to [Plaintiff's] car and the next morning[,] upon exiting the driveway[,] [Plaintiff's] car reared off the side of the road.

(*Id.* p.3-4.) The NBA "is privately bullying and tormenting [Plaintiff] because [it] do[es] not want the public to know that [it] ha[s] discriminated against and abused [her]." (*Id.* p. 5.) "This series of negligence ha[s] affected [Plaintiff's] ability to obtain stable employment, housing as well as maintain financial security." (ECF 7, p. 6.) And the NBA's actions have caused "increased attacks from the general public and civilians who seek to harm [Plaintiff] out of ignorance." (*Id.* p. 6-7.) The NBA has "ignored all of [her] requests for action further placing [her] life in danger." (*Id.* p. 6.) And "[o]ver the past two years, [Plaintiff] ha[s] resided in five different states in eager search of safety and refuge from the behaviors of ha[r]assment and abuse." (*Id.*)

Plaintiff includes among the attachments to her amended complaint's supplements: (1) a "Petition for Stalking Temporary Protective Order" that she filed against Young in a Georgia state court, (2) a "Stalking Ex Parte Temporary Protective Order" issued by the Georgia state court on May 17, 2017, that enjoined Young from having any contact with Plaintiff and from being within 500 yards of Plaintiff's residence pending a June 13, 2017 hearing on the matter, and (3) a motion filed by Plaintiff in the Georgia state court in which she asked that court to reconsider its June 13, 2017 "denial of a permanent protective order" against Young. (*Id.* p. 9-15.)

In addition to damages, Plaintiff seeks "'private security services' and a 'personal driver' for safety reasons," as well as "chauffeur service." (ECF 5, p. 1; ECF 7, p. 7-8.)

## DISCUSSION

Plaintiff's amended complaint and its supplements do not comply with the Rule 8 pleading standard because they fail to provide facts sufficient to show that Plaintiff has a

plausible claim for relief against the NBA – the sole defendant in this action.[2] Based on Plaintiff's allegations, the Court can construe Plaintiff's amended complaint and its supplements as asserting claims under state law for personal injury, defamation, invasion of privacy, and breach of contract. But even assuming that Plaintiff's allegations are true, Plaintiff has failed to state a plausible claim for relief against the NBA because she has failed to allege sufficient facts to "allow[] the [C]ourt to draw the reasonable inference that the [NBA] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556.) In other words, Plaintiff does not give enough detail to show that the NBA is legally responsible for any injuries she has suffered.

Plaintiff alleges that she had an agreement with the NBA. But she has neither attached a copy of it to her amended complaint or its supplements or describe what type of agreement it was and what she and the NBA agreed to under it. She also alleges that Young made unwanted advances toward her, she complained to the NBA, and that the NBA the terminated its agreement with her and took no action on her complaints. But she does not allege what the NBA was obligated to do – under the agreement or the law – in response to her complaints. She further alleges that the NBA, Young, and others have been tracking, slandering, bullying, and tormenting her, as well as discriminating against her. But she does not describe how and in what way the NBA has carried out those acts itself or is legally responsible for the conduct of Young or of

---

[2] Plaintiff names Young as a defendant in the caption her motion for an order of protection (ECF 9), but not in the caption of her earlier filed amended complaint (ECF 6), which is the operative pleading. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); *Hernandez-Avila v. Averill*, 725 F.2d 25, 27 (2d Cir. 1984) ("Rule 10(a) requires that the caption of the complaint include the names of all of the parties to the action.").

anyone else.³ Thus, Plaintiff's allegations do not state plausible claim for relief and, therefore, do not satisfy the Rule 8 pleading standard.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file a second amended complaint in which she alleges sufficient facts to state a claim for relief that satisfies the Rule 8 pleading standard. Plaintiff must "nudge[] [her] claims across the line from the conceivable to plausible." *Twombly*, 550 U.S. at 570.

## LEAVE TO AMEND

The Court grants Plaintiff leave to file a second amended complaint to detail her claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the second amended complaint.⁴ The Court also directs Plaintiff to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's second amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's action, including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions injured Plaintiff and describe the injuries Plaintiff suffered; and

---

³ *See* Restatement (Second) of Torts § 315 (1965) ("There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which gives to the other a right to protection.").

⁴ Plaintiff must name in the caption (or title) of her second amended complaint all of the defendants she wishes to assert claims against. *See* Fed. R. Civ. P. 10(a).

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's second amended complaint must tell the Court: *who* injured Plaintiff, *what* facts show that Plaintiff was injured, *when* the injuries occurred, *where* the injuries occurred, and *why* Plaintiff is entitled to relief. Because Plaintiff's second amended complaint will completely replace – not supplement – the original complaint, the amended complaint, and the amended complaint's supplements, any facts or claims that Plaintiff wishes to maintain must be included in the second amended complaint.[5]

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court grants Plaintiff leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within sixty days of the

---

[5] The plaintiff has the burden of showing that the Court has subject matter jurisdiction to consider the action. *See, e.g.*, *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir.), *cert. denied*, 139 S. Ct. 2748 (2019). To establish diversity jurisdiction under 28 U.S.C. § 1332, the plaintiff must allege that she and the defendant(s) are citizens of different states. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). The plaintiff must also allege to a reasonable probability that her claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). The sum claimed by the plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). It is the Court's duty, however, to dismiss an action where it is "convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [minimum statutory jurisdictional amount.]" *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 98 (2d Cir. 1966)) (alteration in original, internal quotation marks omitted).

Plaintiff alleges that she is a Maryland citizen, the NBA is a New York citizen, and that she seeks $500,000 in damages as well as nonmonetary relief. But because her second amended complaint will replace her previously filed pleadings, she must show in her second amended complaint why the Court has diversity jurisdiction to consider this action – she must show that she and the defendant(s) are citizens of different states and that there is a reasonable probability that her claims are in excess of the sum or value of $75,000.

date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 19-CV-6434 (CM). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss this action for failure to state a claim on which relief may be granted.[6] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: September 20, 2019
New York, New York

                                        COLLEEN McMAHON
                                    Chief United States District Judge

---

[6] The Court will not consider Plaintiff's motion for an order of protection (ECF 9) until after Plaintiff has filed a second amended complaint in compliance with this order.