UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/26/2019

KIMBERLY BERNICE BROWN,

                Plaintiff,

-against-

NATIONAL BASKETBALL ASSOCIATION; TAMERA YOUNG, WBNA Athlete,

                Defendants.

1:19-CV-6434-GHW

ORDER OF DISMISSAL

GREGORY H. WOODS, United States District Judge:

    By order dated September 20, 2019, the Court granted Plaintiff Kimberly Bernice Brown, of Baltimore, Maryland, who appears *pro se* and proceeds *in forma pauperis*, leave to file a second amended complaint. On November 5, 2019, Plaintiff filed a second amended complaint and an application for the Court to request *pro bono* counsel. Plaintiff invokes the Court's diversity jurisdiction. She sues the National Basketball Association ("NBA"), of New York, New York, and Tamera Young, a professional basketball player, of Smyrna, Georgia. Plaintiff seeks more than $1,000,000 in damages. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

## BACKGROUND

**A.     The Court's September 20, 2019 order**

In its September 20, 2019 order, the Court determined that Plaintiff's amended complaint and its supplements[1] did not allege sufficient facts to state a claim for relief against the NBA, then the sole defendant.

Although Plaintiff alleged in her amended complaint that she had an agreement with the NBA, she did not attach a copy of it or describe the parties' obligations under it. She alleged that Tamera Young, a professional basketball player, made unwanted advances toward her, and that she complained to the NBA, but the NBA terminated its agreement with her and took no action on her complaints. She further alleged that the NBA, Young, and others have been tracking, slandering, bullying, and tormenting her, as well as discriminating against her. But Plaintiff did not allege any plausible facts suggesting that the NBA itself carried out those acts. Nor did she allege any facts suggesting how the NBA is legally responsible for Young's conduct or anyone else's conduct.

For those reasons, the Court determined that Plaintiff had failed to state a claim against the NBA. (*See* ECF 10, at 4-6.) The Court granted Plaintiff leave to file a second amended complaint to allege any facts sufficient to state a claim for relief.

**B.     Plaintiff's Second Amended Complaint**

Plaintiff's allegations in her second amended complaint are similar to those in her amended complaint. But unlike her amended complaint, Plaintiff's second amended complaint names both the NBA and Tamera Young as defendants.

---

[1] Hereafter, the Court will refer to Plaintiff's amended complaint and its supplements as Plaintiff's amended complaint.

Plaintiff alleges that she had some sort of business agreement with the NBA regarding the creation of a television program about female professional basketball players, including Young. She states that the "relationship . . . between [her] and the [NBA], [was] both written and verbal." (ECF 12, at 9.) She alleges that she was "a hired writer and producer," and that "the contract was verbally agreed upon by the team of Aldo DiCuffa, Vice President [of] Programming with NBA [E]ntertainment." (*Id.*) She also alleges that she "was hired to produce a six episode docuseries about the lifestyle[s] of five professional female basketball players for 'Off the Court[:] Inside the WNBA.'" (*Id.*) She further alleges that her salary for "a writer/producer averaged at one hundred twelve thousand dollars ($112,000.00) for one hundred sixty (160) days [of] work." (*Id.*) Plaintiff has not attached any written agreement between her and the NBA.

In the "timeline" section of her second amended complaint, Plaintiff alleges the following facts: In May 2016, she "was hired as a paid writer/producer by" Hot Snakes Media Production Company ("Hot Snakes"). (*Id.* at 12.) In June 2016, she "entered into a fully executed agreement with Hot Snakes . . . for [the] sole purpose to pitch, develop and produce an audio-visual project (television show) about women in professional sports, specifically five female athletes from the [Women's National Basketball Association ("WNBA")]." (*Id.*)[2] Using Hot Snakes's office and its equipment, "three video interviews [of female professional basketball players] were produced under [Plaintiff's] direction." (*Id.* at 12.)

---

[2] Plaintiff has attached a copy of that agreement to her second amended complaint. (*Id.* at 24-26.) She has also attached a copy of a "Non-Disclosure Non-Circumvention Agreement" she had with Brad Fox and Big Shoulders Digital Video Productions, Inc., of Chicago, Illinois, concerning the television program. (*Id.* at 27-29.)

In September 2016, Plaintiff was able to get "an initial meeting with Aldo DiCuffa, Senior Vice President [for] Programming with NBA Entertainment . . . ." (*Id.*) During the meeting, Plaintiff, a Hot Snakes official, and at least one NBA official, possibly DiCuffa, "discussed the creation and vision for the show." (*Id.*) And shortly after the meeting, Sara Zuckert, NBA Entertainment's Director of Programming, "was assigned as [Plaintiff's] . . . point of contact to update weekly progress specifically regarding" the television program. (*Id.* at 13.)

Beginning in October 2016, Young began to stalk, harass, and defame Plaintiff, starting with an incident in which Plaintiff found Young sitting in a vehicle parked across the street from Plaintiff's Charlotte, North Carolina, home. In December 2016, Plaintiff emailed Young, Zuckert, and others about "the slander and defamation of [Plaintiff's] character on social media by Young's teammate and former lover[,] Cappie Pondexter, who falsely accused [Plaintiff] of being romantically involved with Young." (*Id.* at 14.) Plaintiff told Young that Young would no longer be a cast member in the television program. Less than 24 hours later, Plaintiff received an email from Zuckert, informing Plaintiff that the NBA was "no longer supporting the project" without an explanation. (*Id.*) Plaintiff asked for an explanation for her "sudden termination," but received no response from Zuckert or any other NBA official. (*Id.* at 15.)

Plaintiff then relocated to Georgia. In May 2017, a Georgia state court denied Plaintiff's application for a permanent order of protection against Young, and granted Young a permanent order of protection against Plaintiff. In June 2017, while Plaintiff was visiting relatives in Forest Park, Georgia, she observed Young enter onto her relatives' property and into her vehicle, and then saw Young "troll around the house and lurk through the kitchen and bathroom windows of [her] relatives['] home." (*Id.* at 16.) Plaintiff then immediately moved from Georgia to Maryland, "only to be met with stalking and harassment over the next two years." (*Id.*)

The NBA "failed to cease all retaliation acts which took place immediately after [Plaintiff] was wrongfully terminated." (*Id.* at 5.)[3] Plaintiff has "suffered emotional, mental and physical distress, [her] professional reputation and business prospects suffered tremendously and [she has] received no employment for over two years . . . as a result of the termination and defamation." (*Id.*)

## DISCUSSION

### A. Plaintiff's claims against the NBA

Plaintiff's second amended complaint fails to state a plausible claim for relief against the NBA. Plaintiff alleges that she and the NBA had some type of business agreement. But she has not attached a copy of that agreement or described the parties' obligations under it. And she has not alleged any facts showing how the NBA itself has injured her or is legally responsible for Young's actions. Thus, Plaintiff's second amended complaint suffers from the same defect that Plaintiff's amended complaint suffered from – it fails to allege facts sufficient to show that the NBA is responsible for the misconduct alleged. *See Iqbal*, 556 U.S. 678. It therefore fails to state a plausible claim for relief against the NBA. Accordingly, the Court dismisses Plaintiff's claims against the NBA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] Plaintiff asserts that "the retaliation by the NBA[] and Tamera Young . . . included monitoring of [Plaintiff's] daily activities and random appearances at [Plaintiff's] designated locations[,] [which] led [Plaintiff] to have probable cause that tracking devices were placed on both [her] cellular phone and vehicle." (ECF 12, at 9.)

### B. Plaintiff's claims against Young

The Court dismisses Plaintiff's claims against Young because Plaintiff has brought them in the wrong venue. Under the general venue provision, 28 U.S.C. § 1391(b), unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1). When a plaintiff brings an action in the wrong federal district court (a federal district court where venue is not proper), the Court must either dismiss the action or, if it is in the interest of justice, transfer it to a district court where venue is proper. *See* 28 U.S.C. § 1406(a); *Atl. Marine Constr. Co., Inc. v. United States Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 55-58 (2013).

Plaintiff alleges that Young resides in Smyrna, Cobb County, Georgia, which is located in the Northern District of Georgia. *See* 28 U.S.C. § 90(a)(2). Thus, under § 1391(b)(1), the United States District Court for the Northern District of Georgia is a proper venue for Plaintiff's claims against Young. Plaintiff also alleges that Young stalked, harassed, and defamed her while Plaintiff was living, or visiting relatives, in Charlotte, Mecklenburg County, North Carolina (in the Western District of North Carolina, *see* 28 U.S.C. §113(c)); Forest Park, Clayton County, Georgia (in the Northern District of Georgia, *see* § 90(a)(2)); and possibly, Baltimore, Maryland (in the District of Maryland, *see* 28 U.S.C. § 100(1)). Accordingly, under § 1391(b)(2), the United States District Courts for the Western District of North Carolina, the Northern District of

7

Georgia, and the District of Maryland may each be a proper venue for at least some of Plaintiff's claims against Young.

Plaintiff fails to allege any facts showing why this Court is a proper venue for her claims against Young. She does not allege that Young resides in this State or judicial district or that any of the alleged events that are basis of her claims against Young occurred in this judicial district. Thus, this Court is not a proper venue for Plaintiff's claims against Young. Because it is not in the interest of justice to transfer Plaintiff's claims against Young to another district court, the Court dismisses them. *See* § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action.

The Court dismisses Plaintiff's claims against the NBA for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses Plaintiff's claims against Young because those claims have been brought in the wrong venue. 28 U.S.C. § 1406(a).

The Court denies as moot all outstanding motions and requests for relief. (ECF 9; ECF 11.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is also directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: December 26, 2019
New York, New York

_____
GREGORY H. WOODS
United States District Judge