|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 5/19/2020 |

KIMBERLY BERNICE BROWN,

                  Plaintiff,

-against-

NATIONAL BASKETBALL ASSOCIATION; TAMERA YOUNG, WBNA Athlete,

                  Defendants.

1:19-cv-6434-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

      On May 13, 2020, the Court received another email from Plaintiff. It is attached to this order.

      The Court cannot provide Plaintiff with guidance about how to prosecute her case. However, given that Ms. Brown is, according to her email, in the process of retaining counsel, the Court notes the following: the claims against the National Basketball Association were dismissed for failure to state a claim, whereas her claims against Tamera Young were dismissed without prejudice on the basis of improper venue. One premise of Plaintiff's correspondence is that the Court's order dismissing the case against Tamera Young without prejudice on the basis of improper venue prevents her from pursuing her claims in another district. Plaintiff may wish to ask her counsel whether the order dismissing her case against Tamera Young without prejudice in this district prevents her from filing a new case in another district. She may also wish to seek counsel on the issue of whether a dismissed case can be transferred.

      Regardless, Plaintiff is hereby directed not to email the Court's chambers email box. As stated in the Court's prior order, during the continuance of the COVID-19 pandemic, *pro se* filings can be made by email to the email address designated on the Court's website. *See*

https://nysd.uscourts.gov/sites/default/files/pdf/covid-19/Notice%20-%20Pro%20Se%20Email.pdf.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and Defendants by first class and certified mail, and note service on the docket.

SO ORDERED.

Dated:   May 19, 2020

_____
GREGORY H. WOODS
United States District Judge

| | |
|---|---|
| **From:** | TheChroniclesOf MsBrown |
| **To:** | Woods NYSD Chambers |
| **Subject:** | Re: Transfer Case: Brown vs NBA |
| **Date:** | Wednesday, May 13, 2020 12:10:37 PM |

I, Kimberly Brown, am writing because I filed a request for a complaint against the defendant, Tamera Young, in connection with the National Basketball Association, to be transferred to the proper venue.

According to a recent court docket sheet, my request was not granted for transfer.

I want to have that decision overturned. If the court, specifically Judge Woods, stated that my complaint was in the improper venue, then as the plaintiff, I have a right to bring the case before the proper venue.

I should not be denied that right.

What is the process to have that decision overturned immediately?

Additionally, I am retaining counsel and bringing attention to this matter because something is not right.

Kimberly B. Brown
Case number: 19-cv-6434

On Monday, May 11, 2020, TheChroniclesOf MsBrown <kbbrown9180@gmail.com> wrote:
> Previously, I spoke with a clerk for the chamber who stated that my request for venue transfer would be handled.
>
> I, Kimberly Bernice Brown, am following up to confirm the venue transfer, and indicate that I am requesting a venue transfer to New Jersey, which is where I reside.
>
> When will I receive confirmation and location of the proper venue?
>
> The case was originally filed Pro Se: Brown vs National Basketball Association, and Tamera Young.
>
> Kimberly B. Brown