USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 7/9/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIMBERLY BERNICE BROWN,

Plaintiff,

-v-

NATIONAL BASKETBALL ASSOCIATION, *et al.*,

Defendants.

1:19-cv-6434-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On July 8, 2026, the Court received a letter addressed to Judge Colleen McMahon requesting that the Court order payment of a settlement in the amount of $800,000. Dkt. No. 53. The application is DENIED.

This case was dismissed on December 26, 2019. Dkt. No. 14. Judgment was entered on January 1, 2020. Dkt. No. 17. Ms. Brown filed a late appeal of the judgment on July 30, 2020. Dkt. No. 24. The appeal was denied by the Second Circuit Court of Appeals on December 30, 2020. Dkt. No. 27. Since then, nothing substantive has happened in this case—because it has been terminated.

Ms. Brown appears to be referring to a "Notice of Settlement" that she filed on the docket of this case on April 11, 2023 and November 7, 2023. Dkt. Nos. 41, 42. Those filings were followed by several letters from Ms. Brown to Judge McMahon. Dkt. Nos. 43-53. All of those documents were filed on the docket of this case long after it was closed. The Court took no substantive action in response to them.

The "Notices of Settlement" filed by Ms. Brown have not been ordered or endorsed by the Court. They were filed on the docket of this case more than three years after it was closed. Simply put, the fact that a *pro se* litigant files a document on the docket of the Court does not make it an

order of the Court. The Court declines to order any person to pay Ms. Brown merely because she has requested it. If Ms. Brown has entered into a settlement agreement with the original defendants in this case, the Court has no information regarding it, apart from the documents filed on the docket by Ms. Brown. Any action to enforce such a settlement agreement may not be litigated in this case, which has been closed for more than six years, because the Court did not retain jurisdiction with respect to any such an agreement.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: July 9, 2026
New York, New York

GREGORY H. WOODS
United States District Judge